839 So.2d 761 (2003)
W. Robinson FRAZIER and Max T. Watson, Jr., as Successor Co-Trustees of the Martha S. Brechler Amended and Restated Revocable Trust Agreement dated February 18, 1999, Appellants,
v.
Robert A. BRECHLER and Vernon H. Catron, Jr., Carol Johnson, Janet Henry, Joy Wegand, Randal T. Brechler, John C. Brechler, Janis B. McGurrin And Barbara J. Brechler Smith, as Beneficiaries of the Trust, Appellees.
No. 1D02-1643.
District Court of Appeal of Florida, First District.
February 3, 2003.
Rehearing Denied March 14, 2003.
John F. Callender, Jacksonville, for Appellants.
Robert C. Gobelman, Jacksonville, for Appellees.
PER CURIAM.
W. Robinson Frazier and Max T. Watson, Jr., as successor co-trustees of the Martha S. Brechler Amended and Restated Revocable Trust Agreement, appeal an order compelling them to pay $113,397.07 to Robert A. Brechler, the income beneficiary. Because we determine that the circuit court erred in granting the income beneficiary's motion to compel, we reverse.
*762 Martha S. Brechler executed her trust agreement on February 18, 1999. Upon her death on December 15, 2000, her surviving husband, Robert A. Brechler, became the income beneficiary of the trust. The vested remainder beneficiaries are the children and step-children of Mrs. Brechler.
Mr. Brechler contacted the trustees to request money from the trust. The trustees made payments to Mr. Brechler on January 5, 2001, February 1, 2001, and March 16, 2001. At those times, there was not enough income earned from the trust to pay the amounts from income. The trustees later accounted for these payments, and additional payments made on January 11 and July 25, 2001, as advances against income due over the course of the year.
On November 20, 2001, Mr. Brechler served a motion to compel the trustees to fulfill their fiduciary duty. He contended that as of October 31, 2001, the trust had a net income earned of $113,397.07. He further contended that the trustees had failed and refused to pay him this amount as required by the terms of the trust agreement.
Following a hearing, the circuit court found that at the times the early 2001 payments were made to Mr. Brechler, there was not enough income earned to pay the amounts from earned income, and that the trustees had exercised their authority to encroach on the principal for those payments. The court concluded that as of October 31, 2001, the net income earned amounted to $113,397.07, and that none of this amount had been paid to Mr. Brechler. Accordingly, the court directed the trustees to pay $113,397.07 to Mr. Brechler.
On appeal, the appellants argue that under the terms of the trust agreement they were empowered to allocate to income the payments that had been made to Mr. Brechler in January, February, March and July 2001. They contend that, in doing so, they were fulfilling their fiduciary duty to protect the interests of the remainder beneficiaries. They further contend that, therefore, the circuit court erred in determining that payments to the income beneficiary made in advance of the fiduciary accounting of net income as received in early 2001 constituted principal encroachments for the income beneficiary's health, maintenance, and support. We agree.
The trust agreement provides in pertinent part that:
9. Trustee's Powers. In addition to such power as may be provided by law, the Trustee is fully authorized and empowered, subject to the provisions of Paragraphs 5(c)(5) and 10 hereof, with respect to any and all property, real or personal, which may at any time be held in trust hereunder, whether as principal or income, in the Trustee's sole discretion without applying to any court for permission so to do or for instructions in regard thereto, as follows:
...
(o) To determine the allocation of receipts and disbursements between principal and income; provided, such allocation is not inconsistent with the beneficial enjoyment of trust property accorded to a life tenant under the general principles of the law of trusts....
The trustees had the discretion to determine that the payments made to the beneficiary would be allocated as a disbursement from income. Therefore, the trial judge erred as a matter of law in determining that none of the net income earned had been paid to Mr. Brechler, and that the payments came from principal. In addition, there was sufficient evidence for *763 the payments to be characterized as coming from income.
REVERSED.
WEBSTER, VAN NORTWICK and PADOVANO, JJ., CONCUR.